1
2
3
4
5
6
7

8                           UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES BARNHART,                          Case No.: 1:21-cv-00984 SKO (PC)

12                  Plaintiff,
                                              **FINDINGS AND RECOMMENDATIONS TO**
13          v.                                **DISMISS ACTION FOR FAILURE TO**
                                              **PROSECUTE AND FAILURE TO OBEY**
14   DONNY YOUNGBLOOD, et al.,                **COURT ORDER**

15                  Defendants.               Clerk of Court to Assign District Judge

16                                            **14-DAY OBJECTION PERIOD**

17

18          Plaintiff James Barnhart is proceeding *pro se* and *in forma pauperis* in this civil rights

19   action brought pursuant to 42 U.S.C. § 1983.

20          **I.      PROCEDURAL BACKGROUND**

21          Plaintiff filed his complaint on June 22, 2021. (Doc. 1.)  On November 9, 2022, this Court

22   issued its First Screening Order. (Doc. 8.) The Court found Plaintiff's complaint fails to state any

23   cognizable claim against any named defendant. (*Id*. at 5-6.) Plaintiff was given the opportunity to

24   amend his complaint to cure the deficiencies identified in the screening order. (*Id*. at 6-8.)

25   Plaintiff was ordered to file an amended complaint, or, alternatively, to file a notice of voluntary

26   dismissal, within 21 days of the date of service of the screening order. (*Id*. at 9-10.)

27          More than 21 days have now passed, and Plaintiff has failed to file an amended complaint

28   or a notice of voluntary dismissal in this action.

## II.    DISCUSSION

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide that "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In the Court's November 9, 2022 screening order, Plaintiff was ordered either to file an amended complaint or a notice of voluntary dismissal within 21 days. (Doc. 8.) The order was served on Plaintiff at his address on record with the Court: 1338 S. Union Ave., Bakersfield, CA 93307. (*See* Doc. 6 [Change of Address].) No mail directed to Plaintiff has been returned to the Court from the United States Postal Service. Despite the passing of more than 21 days, Plaintiff has failed to comply with the Court's order.  Plaintiff was previously advised that a failure to comply with the Court's order would result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute. (Doc. 8 at 10.)

It appears that Plaintiff has abandoned this action. Whether he has done so mistakenly or intentionally is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

## III.    CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court RECOMMENDS that this action be DISMISSED without prejudice for Plaintiff's failure to prosecute and to obey court orders. The Court DIRECTS the Clerk of the Court to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District

Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." A party's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 8, 2022**                      */s/ Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE